McMillan Law Group
Julian McMillan (241937)
2751 Roosevelt Rd. Suite 204
San Diego, Ca 92106
Phone: 858.499.8951
Fax: 619.241.8291

Attorney for Plaintiff,
RANDALL JON KUHN LERUTH

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL JON KUHN LERUTH,<br><br>     Plaintiff,<br><br>  vs.<br><br>OCWEN LOAN SERVICING, LLC;<br>and DOES 1-20 inclusive,<br><br>    Defendants. | Case No:3:15-cv-01138-BEN-BLN<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227, ET SEQ**<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.      Randall Jon Kuhn LeRuth (**"Plaintiff"**) brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of Ocwen Loan Servicing, LLC (**"Defendant"**) in intentionally contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq* (**"TCPA"**) thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge to himself and

1
2
his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3
4
2.      The actions alleged hereinto have been undertaken by the Defendant were undertaken by each Defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each Defendant assisted, participated in, or otherwise encouraged, and are actions for which each defendant is liable.  Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part.  Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

5
6
7
8
9
10
11
12
13
14
3.      The TCPA was designed to prevent calls like the ones described within this Complaint, and to protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes, prompted Congress to pass the TCPA," *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 744 (2012).

15
16
17
18
19
4.      In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer."  TCPA, Pub. L. No. 102-243, §11. Toward this end, Congress found that:

20
21
22
23
24
25
26
27
28
> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1

2  *Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions,*

3  *LLC*, 2012 WL 329838 at *4 (N.D. I11, Aug. 10, 2012) (citing Congressional findings

4  on the TCPA's purpose).

5  5.      Congress also specifically found that "the evidence presented to the Congress

6  indicates that automated or prerecorded calls are a nuisance and an invasion of privacy,

7  regardless of the type of call…" Id. at §§ 12-13. *See also, Mims,* 132 S. Ct. 744.

8  6.      As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case

9  regarding calls similar to this one:

10

11              The Telephone Consumer Protection Act… is well known for
12              its provisions limiting junk fax transmissions.  A less litigated
                part of the Act curtails the use of automated dialers and
                prerecorded messages to cell phones, whose subscribers often
13              are billed by the minute as soon as the call is answered – and
                routing a call to voicemail counts as answering the call. An
14              automated call to a landline phone can be an annoyance; an
15              automated call to a cell phone adds expense to annoyance.

16

17  *Soppet v. Enhanced Recovery Co., LLC,* 679 F. 3d 637, 638 (7th Cir. 2012)

18

19              **JURISDICTION AND VENUE**

20  7.      This Court has federal question jurisdiction because this case arises out of

21  violation of federal law.  47 U.S.C. §227(b); *Mims v Arrow Fin. Servs., LLC* 132 S. Ct.

22  740 (2012).  Supplemental jurisdiction arises under 28 U.S.C. § 1367.

23  8.      Venue is proper in the United States District Court for the Southern District of

24  California pursuant to 28 U.S.C. § 1391 (b) because Plaintiff is a resident of San Diego

25  County, the State of California and Defendant is subject to personal jurisdiction in the

26  County of San Diego, State of California as they conduct business there, and the

27  conduct giving rise to this action occurred in California.

28  /////

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

**PARTIES**

9.      Plaintiff RANDALL JON KUHN LeRUTH (hereafter, "Mr. LeRuth" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of San Diego County, State of California.  Plaintiff is, and at all times mentioned herein was, over the age of 40 years old.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153. (39).

10.      Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation doing business in California and incorporated in the State of Delaware.

11.      Defendant OCWEN LOAN SERVICING LLC (hereafter, "Ocwen" or "Defendant") is and at all times mentioned herein was a Limited Liability Corporation and is a "person" as defined by 47 U.S.C. § 153 (39).

12.      Defendant is a national corporation, ordering collect call services to cellular telephones.

**FACTUAL ALLEGATIONS**

13.      Due to unfortunate circumstances, Mr. LeRuth filed for Chapter 13 bankruptcy relief on February 2, 2009.

14.      Included in the bankruptcy petition was Mr. LeRuth's first mortgage on a property he had purchased before he filed for Bankruptcy in 2009.

15.      Countrywide Home Loans, Inc. (hereafter, "Countrywide") held the mortgage or was the mortgagee until it assigned the mortgage to Ocwen about a month after Mr. LeRuth filed for Chapter 13 relief.

16.      Countrywide was properly listed in Mr. LeRuth's Chapter 13 Bankruptcy petition in Schedule D.

17.      Mr. LeRuth surrendered the condominium in full and final satisfaction of all claims owed to Countrywide and/or Ocwen.

18.      On May 26, 2009, the Court granted Ocwen's Motion.

19.     The Order gave Ocwen permission to take possession of the property, which it already possessed.

20.     Instead of selling the property, Ocwen began sending statements and notices to the Debtor demanding payment.

21.     In addition to the statements and notices, Defendant began calling Plaintiff on or about January 10, 2010.

22.     Defendant or its agents contacted Plaintiff on his cellular phone ending in 6780 via an Automated Dialing System ("ATDS") as defined by 47 U.S.C. §227(b)(1)(A).

23.     This ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24.     Ocwen called Mr. LeRuth on his cellular phone via an ATDS no less than two hundred forty one times from January of 2010 through March of 2014.

25.     Upon information and belief, these calls from Defendant to Plaintiff were an attempt to collect a debt.

26.     Plaintiff impliedly revoked any consent he may have given to Defendant to contact him when he filed for Chapter 13 bankruptcy on February 2, 2009.

27.     Plaintiff specifically revoked any consent that may have been given to Defendant to contact him when he sent Defendant a letter on September 13, 2010.

28.     The telephone number Defendant or its agents called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

29.     These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1).

30.     These telephone calls by Defendant or its agent(s), violated 47 U.S.C. §227(b)(1).

/////

/////

////

## FIRST CAUSE OF ACTION
### Negligent Violation Of The Telephone Consumer Protection Act
### 47 U.S.C. § 227 ET SEQ.

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

32.     The foregoing acts and omissions of the Defendant constitute numerous and multiple negligent violations of the TCPA including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

33.     As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

34.     Plaintiff is also entitled to an seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### Knowing And/Or Willful Violation Of The Telephone Consumer Protection Act
### 47 U.S.C. § 227 ET SEQ.

35.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.     The foregoing acts and omissions of Defendant constitute numbers and multiple knowing and/or willful violation of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq*.

37.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.,* Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

38.     Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

/////
/////
/////
/////
/////

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Randall Jon Kuhn LeRuth, prays for Judgment and Order against Defendants as follows:

### FIRST CAUSE OF ACTION
### Negligent Violation Of The Telephone Consumer Protection Act
### 47 U.S.C. § 227 ET SEQ.

1.      As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff seeks $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

2. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

3.      Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### Knowing And Or Willful Violation Of The Telephone Consumer Protection Act
### 47 U.S.C. § 227 ET SEQ.

1.      As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.,* Plaintiff seeks $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

2.      Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

3.      Any other relief the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

40.      Pursuant to the Seventh Amendment of the Constitution of the United States of American, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Dated: May 22, 2015                    McMILLAN LAW GROUP, APC.

By:/s/ Julian McMillan
      Julian McMillan, Esq.
      Attorney for Plaintiff,
      RANDALL JON KUHN LeRUTH